UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:12-cr-00204-JAW |
| | ) | |
| JOHN THOMAS HINES | ) | |

**ORDER ON DEFENDANT'S MOTION TO VACATE AND DISMISS**

On April 19, 2013, a federal jury convicted Mr. Hines of possession of a firearm by a person convicted of a misdemeanor crime of domestic violence in violation of 18 U.S.C. § 922(g)(9). Mr. Hines challenges the Court's subject matter jurisdiction over the crime on two grounds. First, he argues that his "undifferentiated" state court conviction for misdemeanor domestic violence under 17-A M.R.S. § 207-A(1)(A) does not satisfy the "use or attempted use of physical force" requirement of 18 U.S.C. § 921(a)(33)(A)(ii), which provides a definitional requirement for his conviction under § 922(g)(9). Second, he contends that his state court conviction also does not satisfy the requirements of § 921(a)(33)(A)(ii) because it could have been for merely reckless conduct, rather than knowing or intentional conduct. A violation of 18 U.S.C. § 922(g)(9) is an offense against the laws of the United States and therefore within the subject matter jurisdiction of this Court. Furthermore, the recent Supreme Court case of *United States v. Castleman*, 134 S. Ct. 1405 (2014), squarely forecloses Mr. Hines's argument that Maine's domestic violence statute does not require sufficient physical force to be a valid predicate offense to § 922(g)(9). However, recent First Circuit authority strongly suggests

that reckless conduct does not amount to use of physical force under 18 U.S.C. § 922(g)(9). The Court vacates Mr. Hines' conviction and grants him a new trial but does not dismiss the indictment.

I.  **LEGAL STANDARD**

Mr. Hines styles his challenges as being to the subject matter jurisdiction of the Court. "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231.

II.  **FACTS**

A.  **Procedural History**

On December 13, 2012, a federal grand jury indicted John Thomas Hines for possessing a firearm after having been convicted of a misdemeanor crime of domestic violence, an alleged violation of 18 U.S.C. § 922(g)(9). *Indictment* (ECF No. 1). The indictment supplied the following details about the prior domestic assault conviction: "Domestic Violence Assault, 17-A M.R.S.A. § 207-A, Waldo County Superior Court (September 29, 2011)". *Id.* at 1. After jury selection on April 16, 2013, the case went to trial before a federal jury on April 18-19, 2013 and on April 19, 2013, the jury issued a verdict, finding Mr. Hines guilty as charged. *Jury Verdict Form* (ECF No. 68). The Court has scheduled Mr. Hines' sentencing hearing for May 19, 2014. *Notice of Rescheduled Hr'g* (ECF No. 111).

On February 17, 2014, Mr. Hines moved to vacate the conviction and dismiss the indictment. *Def.'s Mot. to Vacate and Dismiss* (ECF No. 96) (*Def.'s First Mot.*). The Government responded on March 12, 2014. *Resp. of the United States to the*

*Def.'s Mot. to Vacate and Dismiss the Indictment* (ECF No. 101) (*Gov't's First Opp'n*). On April 2, 2014, the Government brought to the Court's attention a recent decision of the United States Supreme Court, *United States v. Castleman*, 134 S. Ct. 1405 (2014), that it believed might affect the Court's ruling on the pending motion. *Notice of Authority in Resp. to the Def.'s Mot. to Vacate and Dismiss the Indictment* (ECF No. 105) (*Gov't's Notice*).

Meanwhile, on March 25, 2014, the Court received a pro se motion from Mr. Hines, which is styled a motion to vacate and dismiss. *Def.'s Mot. to Vacate and Dismiss* (ECF No. 102-3). As Mr. Hines is currently represented by counsel, the Court followed its standard practice and gave his lawyer an opportunity to review the motion and to adopt it if appropriate. *Letter from Clerk of Courts to Wayne R. Foote, Esq.* (March 25, 2014) (ECF No. 102). The Court has not heard from his defense counsel and assumes that he has not adopted the pro se motion.

Finally, on April 8, 2014, Mr. Hines filed a second motion to vacate and dismiss. *Def.'s Second Mot. to Vacate and Dismiss* (ECF No. 109) (*Def.'s Second Mot.*). The Government replied in opposition on May 29, 2014, *Resp. of the United States of America to the Def.'s Second Mot. to Vacate and Dismiss the Indictment* (ECF No. 110) (*Gov't's Second Opp'n*), and Mr. Hines replied on May 5, 2014. *Def.'s Reply to the Gov't's Resp. to Def.'s Second Mot. to Vacate and Dismiss* (ECF No. 112) (*Def.'s Reply*).

B.  **Factual Background**

1.  **The State Domestic Violence Assault Charge**

On September 29, 2011, John Thomas Hines pleaded guilty in Waldo County Superior Court for the state of Maine to violating 17-A M.R.S. § 207-A(1)(A). *Resp. of the United States to the Def.'s Mot. to Vacate and Dismiss the Indictment* at Ex. 1 *J. and Commitment*, at 3 (ECF No. 101) (*State Conviction*). This state statute defines and criminalizes "domestic violence assault" where the victim "is a family or household member." *Id.* § 207-A(1)(A). Section 207, in turn, criminalizes "intentionally, knowingly or recklessly caus[ing] bodily injury or offensive physical contact to another person." 17-A M.R.S. § 207(1)(A). The state court documents underlying the State Conviction do not provide any details of the conduct underlying the offense, nor did such details emerge during the colloquy among the Court, counsel and Mr. Hines during his guilty plea to the state charge. *See Def.'s Mot. to Vacate and Dismiss* at Ex. 1 *State of Maine v. John T. Hines*, at 0002-0008 (ECF No. 96).

2.  **The Stipulation at Trial**

As trial approached, Mr. Hines submitted a trial brief, explaining that he expected that the Government would "fail to meet its burden of proving that he possessed the firearms as alleged." *Def.'s Trial Br.* at 1 (ECF No. 40). Significantly, Mr. Hines informed the Court that he and the Government would jointly stipulate as follows:

> Mr. Hines was convicted of a misdemeanor crime of domestic violence on September 29, 2011.

4

*Id.* at 2. On April 15, 2013, Mr. Hines filed a set of proposed jury instructions, including:

> The parties have stipulated that Mr. Hines is a person who is legally disqualified by law from possessing a firearm/was convicted of a misdemeanor crime of domestic violence. You are to take that fact as proven.

*Def.'s Proposed Jury Instructions* at 8 (ECF No. 54). Consistent with the parties' stipulation, the Court instructed the jury as follows:

> For you to find Mr. Hines guilty of this crime, you must be satisfied that the Government has proven each of the following elements beyond a reasonable doubt:
>
> <u>First</u>, that the Defendant was previously convicted in any court of a misdemeanor crime of domestic violence. The parties have stipulated that the Defendant was convicted of a misdemeanor crime of domestic violence on September 29, 2011. You are to take that fact as proven.

## III. POSITION OF THE PARTIES

### A. John Thomas Hines' First Motion

#### 1. John Thomas Hines' Position

Mr. Hines contends that this Court lacks subject matter jurisdiction over Mr. Hines. *Def.'s Mot.* at 2. This is so, he argues, because "Mr. Hines must have committed a Misdemeanor Crime of Domestic Violence as that term is defined at Title 18 USC § 921 (33)." *Id.* at 2-3. He points out that that section "requires that a predicate state conviction must have, as an element, the 'use or attempted use of physical force' to qualify as a Misdemeanor Crime of Domestic Violence." *Id.* at 3.

Mr. Hines further argues that 17-A M.R.S. § 207-A cannot be a predicate offense for 18 U.S.C. § 922 because it permits conviction for either causing bodily injury or offensive physical contact. *Id.* He blankly asserts that "[a] person

5

convicted of offensively touching another, without violence or the attempted use of violence, has not committed a federal misdemeanor crime of domestic violence." *Id.*

### 2. The Government's Response

The Government argues that Mr. Hines's motion goes not to the subject matter jurisdiction of the Court but to a claim of a defect in the indictment. *Gov't's Opp'n* at 2. In the Government's view, Mr. Hines waived any such objection by failing to raise it before trial. *Id.* (citing FED. R. CRIM. P. 12(b)(3); *United States v. DiGregorio*, 605 F.2d 1184, 1193 n.10 (1st Cir. 1979); *United States v. Mack*, 892 F.2d 134, 136 (1st Cir. 1989); and others).

The Government argues that Mr. Hines is really attacking the sufficiency of the proof of an element of the crime of which he was convicted. *Id.* at 3. It views this attack as missing the mark given Mr. Hines's stipulation at trial that he had been convicted of a misdemeanor crime of domestic violence. *Id.* at 4. The Government insists that the Court must only consider the categorical definition of the underlying crime, not the actual facts underlying the offense. *Id.* It urges, in other words, that the Court should consider only the elements of Maine's domestic violence statute. *Id.* Finally, the Government asserts that the First Circuit case of *United States v. Booker*, 644 F.3d 12 (1st Cir. 2011), held that Maine's domestic violence assault statute is a valid predicate offense for the purposes of 18 U.S.C. § 922(g)(9). *Id.* at 5-6 (citing *Booker*, 644 F.3d at 17, 21). The Government also cites *United States v. Armstrong*, 706 F.3d 1 (1st Cir. 2013) (*Armstrong I*), for further support of the same proposition. *Id.* at 6. Finally, the Government argues that the

6

Supreme Court's recent decision in *United States v. Castleman* supports its position. *Gov't's Notice* at 1-2.

### B. John Thomas Hines' Second Motion

#### 1. John Thomas Hines' Position

In his second motion, Mr. Hines presents a second ground for a new trial. *Def.'s Second Mot.* at 1-4. He maintains that a mens rea of recklessness is insufficient to satisfy the requirements of the "use of force" under 18 U.S.C. § 921(a)(33). *Id.* at 3 (citing *Castleman*, 134 S. Ct. at (2014)).

#### 2. The Government's Response

The Government repeats its contention that Mr. Hines waived this argument by not raising it before trial. *Gov't's Second Mot.* at 2-4. It reiterates that the court should make a categorical analysis of Maine's domestic violence assault statute rather than considering the facts of Mr. Hines' actual crime. *Id.* at 4-6. Finally, the Government argues that *Castleman* supports a broader reading of "violence" when it "relates to domestic offenses." *Id.* at 7.

#### 3. John Thomas Hines' Reply

In reply, Mr. Hines cites the recent First Circuit case of *United States v. Carter*, No. 12-1499, 2014 U.S. App. LEXIS 8153 (1st Cir. 2014), for the proposition that "[t]he mere statutory reference to a conviction that *might* constitute a misdemeanor crime of domestic violence is an insufficient allegation to charge Mr. Hines committed a violation of any provision of Title 18, United States Code." *Def.'s Second Reply* at 3 (emphasis in original). He argues that this Court should apply the "modified categorical approach" in its analysis of the Maine statute, considering

7

"a limited category of sources to determine whether Mr. Hines'[] violation of § 207-A constituted a legitimate predicate offense." *Id.* Since, he argues, those sources contain insufficient evidence of the facts underlying Mr. Hines' conviction under section 207-A, the indictment "fail[s] to allege an offense under the laws of the United States. This failure is jurisdictional." *Id.* at 3-4.

Finally, Mr. Hines asks the Court to excuse any waiver under Federal Rule of Criminal Procedure 12(b)(3) because his earlier failure to raise this issue was based on then-current First Circuit precedent. *Id.* at 4.

## IV. DISCUSSION

### A. A Preliminary Question of Waiver

The indictment alleges that Mr. Hines,

> who had been convicted of a misdemeanor crime of domestic violence, to wit: Domestic Violence Assault, 17-A M.R.S.A. § 207-A, Waldo County Superior Court (September 29, 2011), did knowingly possess in and affecting interstate commerce [certain firearms] . . . [i]n violation of Title 18, United States Code, Sections 922(g)(9) and 924(a)(2).

*Indictment* at 1. In its opposition, the Government maintains that under Federal Rule of Criminal Procedure 12(e), Mr. Hines waived the right to assert that his underlying conviction does not satisfy the definition of misdemeanor crime of domestic violence because he failed to file a motion to dismiss the indictment under Federal Rule of Criminal Procedure 12(b)(3). *Gov't's Opp'n* at 2-3. Rule 12(b)(3) recognizes two types of defects in the indictment: (1) a defect in instituting the proceeding, FED. R. CRIM. P. 12(b)(3)(A), and (2) a defect that amounts to a failure of the indictment to properly invoke the court's jurisdiction or state an offense. FED. R. CRIM. P. 12(b)(3)(B). Under Rule 12(b)(3), a defendant may be held to have

8

waived a defect in instituting the proceeding by failing to file the motion before trial, but a defendant does not waive a claim that the Court lacked jurisdiction or that the indictment failed to state an offense by failing to raise it before trial. *See* 1A CHARLES ALAN WRIGHT & ANDREW D. LEIPOLD, FEDERAL PRACTICE AND PROCEDURE §§ 192-93 (4th ed. 2008 & Supp. 2014). In fact, if the claim is jurisdictional or alleges a failure to state an offense, Rule 12(b)(3)(B) allows a court to consider the issue "at any time while the case is pending." FED. RUL. CRIM. P. 12(b)(3)(B).

The Court concludes that whether Mr. Hines' prior misdemeanor is a predicate crime for purposes of 18 U.S.C. § 922(g)(9) is not a jurisdictional question. A violation of 18 U.S.C. § 922 is an "offense[] against the laws of the United States," 18 U.S.C. § 3231, and falls within the jurisdiction of the Court. *United States v. Cotton*, 535 U.S. 625 (2002) (stating that defects in the indictment, including the failure to properly allege an offense, do not affect "the courts' statutory or constitutional *power* to adjudicate the case"). However, whether the sufficiency of Mr. Hines' predicate conviction would raise a "failure to state an offense" under Rule 12(b)(3)(B) (not subject to waiver), or a "defect in instituting the prosecution" (subject to waiver), is unclear—because here, unlike other potential defects, the alleged defect is not apparent from the face of the indictment, and is an element the Government must prove at trial. Even though he may have been able to raise the issue before trial, the Court would not hold Mr. Hines to have waived the sufficiency of the Government's proof of a predicate crime if he had made a strategic decision to

9

wait until trial to claim that the Government failed to prove a necessary element of its case: namely, the sufficiency of the predicate crime. The Court rejects the Government's contention that Mr. Hines waived the sufficiency of his prior misdemeanor crime of domestic violence by failing to file a pretrial motion challenging the sufficiency of the indictment under Rule 12(b)(3).

### B. Timeliness of the Motion

Mr. Hines does not mention the rule under which his motion is proceeding. *Def.'s First Mot.* at 1-4; *Def.'s Second Mot.* at 1-4. The Court construes his motion as either or both a post-verdict challenge to the sufficiency of the evidence, FED. R. CRIM. P. 29(c), or a motion for a new trial. FED. R. CRIM. P. 33(a). An initial problem with Mr. Hines' motion, so construed, is that a motion for acquittal under Rule 29(c) must be made within fourteen days of the judgment; likewise, a motion for a new trial under Rule 33(b), on any ground other than newly discovered evidence, must be made within fourteen days of the verdict. The jury issued its guilty verdict on April 19, 2013; Mr. Hines filed his first post-conviction motion on February 17, 2014 and his second post-conviction motion on April 8, 2014, both far beyond the permissible fourteen day period, and there is no suggestion that either motion is based on newly discovered evidence. The failure to file a timely challenge to a jury verdict could constitute a waiver of the right to proceed with the challenge.

However, under Rule 45(b), "[w]hen an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made: . . . (B) after the time expires if the party failed to act because of excusable neglect." FED. R. CRIM. P. 45(b); *see United States v. Maricle*,

10

No. 6: 09-16-S-DCR, 2010 U.S. Dist. LEXIS 105931, *6-7 (E.D. Ky. Oct. 4, 2010) ("[A] significant intervening change in the law is a valid reason for delay in filing the postverdict motions").

Here, Mr. Hines' untimeliness is likely related to the Supreme Court's disposition of *United States v. Castleman*. The Supreme Court granted certiorari on October 1, 2013 on the adequacy of a conviction for a misdemeanor crime of domestic violence for purposes on 18 U.S.C. § 922(g)(9). 134 S. Ct. 49 (2013). The Supreme Court issued its opinion in *Castleman* on March 26, 2014 and, although *Castleman* did not assist Mr. Hines' first motion, it included a footnote that significantly supported his second motion. *Castleman*, 134 S. Ct. at 1414 n.8. *Castleman*'s clearer guidance on whether recklessness is sufficient to constitute a "use of physical force" under § 921(a)(33)(A) justified Mr. Hines' delay in filing his second motion, and the Court concludes that he has demonstrated "excusable neglect" under Rule 45(a) to justify his late post-verdict filing.

### C. Waiver by Stipulation

Under Rule 29, the Court may vacate a conviction and enter a judgment of acquittal if "the evidence is insufficient to sustain a conviction." FED. R. CRIM. P. 29(a). Under Rule 33, the Court may grant a new trial "if the interest of justice so requires." FED. R. CRIM. P. 33(a). Here, the "interest of justice" at stake is Mr. Hines' allegation that he was convicted of being a prohibited person in possession of a firearm based on an invalid predicate offense—his guilty plea to domestic violence assault under the Maine statute. Likewise, the evidence used to convict Mr. Hines would be insufficient under Rule 29 if the Court were to (1) relieve Mr. Hines of his

11

stipulation that he was a prohibited person by virtue of his domestic violence assault conviction, and (2) conclude that Maine's domestic violence assault statute is not a valid predicate offense to 18 U.S.C. § 922(g)(9).

"Stipulations between parties are not 'absolute,' . . . and a party may be relieved of a stipulation for good cause-which means, in a nutshell, that good reason must exist and that relief must not unfairly prejudice the opposing party or the interests of justice." *Am. Honda Motor Co., Inc. v. Richard Lundgren, Inc.*, 314 F.3d 17, 21 (1st Cir. 2002) (quoting *T I Fed. Credit Union v. DelBonis*, 72 F.3d 921, 928 (1st Cir. 1995)). In other words, "[f]or good cause, the district court can relieve a defendant of such a waiver—just as it can relieve parties from a stipulation or refuse to honor a plea agreement's waiver of the right to appeal when the waiver would effect a 'miscarriage of justice.'" *United States v. Newbert*, 504 F.3d 180, 189 (1st Cir. 2007). In this case, there would be good cause to relieve Mr. Hines of his stipulation if the stipulation were contrary to law; that is, if Mr. Hines' state court conviction did not render him a prohibited person and he is therefore actually innocent of the federal crime of which he was convicted. In sum, the analysis under Rule 29, Rule 33, and *Newbert* boils down to the same question: whether domestic violence assault under 17-A M.R.S. § 207-A is a valid predicate offense to 18 U.S.C. § 922(g)(9).

### D. First Circuit Law Before *United States v. Castleman*

Before *Castleman*, the First Circuit had previously considered and rejected the very same arguments that Mr. Hines is raising here. *Armstrong I*, 706 F.3d 1, *vacated and remanded*, No. 12-10209, 82 U.S.L.W. 3566 (Mar. 31, 2014); *United*

*States v. Booker*, 644 F.3d 12 (1st Cir. 2011); *United States v. Nason*, 269 F.3d 10 (1st Cir. 2001). As to his first argument—that "offensive touching" cannot be a "use of physical force"—Mr. Hines concedes as much. *Def.'s Mot.* at 1 n.1 ("Defendant is aware that current First Circuit precedent forecloses this argument").

As to the second argument, before the Supreme Court issued *Castleman* on March 26, 2014, the First Circuit had concluded that a crime based on reckless conduct could satisfy the "use of physical force" requirement in § 921(a)(33)(A), ruling against the argument Mr. Hines has raised in his second motion. *Booker*, 644 F.3d at 19-20.

### E. *Castleman*

After the parties briefed Mr. Hines' first motion and the Court took it under advisement, the United States Supreme Court decided *Castleman*, 134 S. Ct. 1405. After *Castleman*, the Supreme Court also vacated the First Circuit's decision in *Armstrong* and remanded the case to the Court of Appeals for reconsideration in light of *Castleman*. *Armstrong v. United States*, 82 U.S.L.W. 3566 (Mar. 31, 2014) (*Armstrong II*). The question is how *Castleman* affects the resolution of the issues Mr. Hines has raised.

In *Castleman*, the Supreme Court considered whether a defendant, previously convicted under a Tennessee domestic violence statute that forbade "intentionally or knowingly caus[ing] bodily injury to" a domestic partner, had committed a misdemeanor that included "the use . . . of physical force" for the

13

purpose of 18 U.S.C. § 921(a)(33)(A).[1] *Castleman*, 134 S. Ct. at 1409. The defendant argued to the district court that the indictment was facially defective because the Tennessee statute did not "'ha[ve], as an element, the use . . . of physical force.'" *Id.* at 1409 (quoting 18 U.S.C. § 922(a)(33)(A)(ii)) (alteration in original). The district court agreed, holding that the Tennessee statute was not a valid predicate "because one can cause bodily injury without violent contact—for example, by deceiving the victim into drinking a poisoned beverage." *Id.* (internal quotations and alterations omitted). A divided panel of the Sixth Circuit affirmed, reasoning that § 921(a)(33)(A) requires "violent force," and that "Castleman could have been convicted for 'caus[ing] a slight, nonserious physical injury with conduct that cannot be described as violent.'" *Id.* at 1409-10 (quoting *United States v. Castleman*, 695 F.3d 582, 590 (6th Cir. 2012)).

The Supreme Court reversed both the Court of Appeals and the district court. The *Castleman* Court observed that "at common law, the element of force in the crime of battery was 'satisfied by even the slightest offensive touching.'" *Id.* at 1410 (quoting *Johnson v. United States*, 559 U.S. 133, 139 (2010)). The Supreme Court

---

[1] Title 18 U.S.C. § 921(a)(33)(A) defines "misdemeanor crime of domestic violence" for the purpose of § 922(g)(9). Under this definition, a "misdemeanor crime of domestic violence" is an offense that

> (i) is a misdemeanor under Federal, State, or Tribal law; and
>
> (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim

*Id.* § 921(a)(33)(A).

14

further reasoned that "'a common-law term of art should be given its established common-law meaning,' except 'where that meaning does not fit.'" *Id.* (quoting *Johnson*, 559 U.S. at 139). After detailed analysis, the Court expressly held that "the requirement of 'physical force' is satisfied, for purposes of § 922(g)(9), by the degree of force that supports a common-law battery conviction," which the Court had previously described as being "satisfied by the slightest offensive touching." *Id.* at 1410, 1413. The *Castleman* Court doomed Mr. Hines' first motion.

The *Castleman* Court next analyzed Tennessee's statute under which the defendant was convicted to determine "whether that conviction necessarily 'ha[d], as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon.'" *Id.* at 1413 (quoting 18 U.S.C. § 921(a)(33)(A)). The Court first applied the "categorical approach" defined in *Taylor v. United States*, 495 U.S. 575 (1990). *Id.* The Tennessee statute criminalized three sets of behavior together: causing bodily injury, causing physical contact, and causing "another to reasonably fear imminent bodily injury." *Id.* The *Castleman* Court observed that "not . . . every type of assault defined by [the statute] necessarily involves 'the use or attempted use of physical force, or the threatened use of a deadly weapon.'" *Id.* (quoting 18 U.S.C. § 921(a)(33)(A)). However, both parties had agreed that the Tennessee statute was "divisible" under *Descamps v. United States*, 570 U.S.__, 133 S. Ct. 2276 (2013), allowing the Court to use the "modified categorical approach" and to examine the indictment to which Castleman pleaded guilty to determine whether his crime involved the use of force. *Id.* at 437-38. Because he pleaded

15

guilty to "intentionally or knowingly caus[ing] bodily injury" to a domestic partner, the Court concluded that the conviction "qualifies as a 'misdemeanor crime of domestic violence.'" *Id.* at 1415.

Significantly, however, the *Castleman* Court footnoted an important discussion about whether a state domestic assault statute, which criminalized reckless conduct, would meet the "use of physical force" standard under § 921(a)(33)(A):

> We held in *Leocal* [*v. Ashcroft*, 543 U.S. 1 (2004)] that "'use' requires active employment," rather "than negligent or merely accidental conduct." 543 U.S. at 9. Although *Leocal* reserved the question whether reckless application of force could constitute a "use" of force, *id.* at 13, the Courts of Appeals have almost uniformly held that recklessness is not sufficient. [Citations followed to cases from ten circuit courts of appeal.] But see *United States v. Booker*, 644 F.3d 12, 19-20 (C.A.1 2011) (noting that the First Circuit had not resolved the recklessness issue under *Leocal*, but declining to extend *Leocal*'s analysis to § 922(g)(9)).

*Castleman*, 134 S. Ct. at 1414 n.8. This footnote, which cited ten circuit courts as concluding that reckless conduct did not constitute "use of physical force," strongly hinted that the First Circuit's *Booker* decision was an outlier.

### F.   The Supreme Court and the First Circuit After *Castleman*

Tagging along behind *Castleman* were two cases: *Carter*, 2014 U.S. App. LEXIS 8153, and *Armstrong I*, 706 F.3d 1. The First Circuit had ruled in *Armstrong* that a violation of the Maine domestic assault statute, which criminalizes "intentionally, knowingly or recklessly caus[ing] bodily injury or offensive physical contact," 17-A M.R.S. § 207-A(1)(A), could be a predicate offense for § 922(g)(9). The defendant in *Armstrong* filed for a writ of certiorari and, after

*Castleman*, the Supreme Court vacated the *Armstrong I* judgment and remanded the case to the First Circuit "for further consideration in light of *United States v. Castleman*." *Armstrong II*, 82 U.S.L.W. 3566. Reading Supreme Court tea leaves is chancy, but the First Circuit decision in *Armstrong I* was consistent with *Castleman* except for the Circuit Court's brief recklessness analysis. It is a short logical step to conclude that the reason the Supreme Court vacated the First Circuit decision in *Armstrong I* was to pull the First Circuit in line with the other ten circuit courts in the recklessness analysis.

With *Armstrong II* coming back down from the Supreme Court, another case that involved the same issue, *United States v. Carter*, was coming up from the district court. On April 30, 2014, the First Circuit issued an opinion in *Carter* and quickly expressed serious doubt in the viability of *Booker*'s holding that merely reckless conduct can be a "use of physical force." *Carter*, 2014 U.S. App. LEXIS 8153, at *26-28.

> The Supreme Court's statements in *Castleman*—that "the merely reckless causation of bodily injury ... may not be a 'use' of force," . . . and that "the Courts of Appeals have almost uniformly held that recklessness is not sufficient" to "constitute a 'use' of force," . . . — provide a "'sound reason'" for thinking that the *Booker* panel might well "'change its collective mind'" in light of *Castleman*.

*Id.* at *28 n.11 (quoting *Castleman*, 134 S. Ct. at 1414 & n.8 and *United States v. Rodriguez-Pacheco*, 475 F.3d 434, 442 (1st Cir. 2007)). However, the *Carter* Court declined to expressly overrule *Booker*; instead, the Circuit Court remanded the case to the district court to attempt to make findings of fact on the particulars of the crime underlying the defendant's guilty plea using "*Shepard* documents." *Id.* at *34

17

(citing *Shepard v. United States*, 544 U.S. 13, 26 (2005) and *Taylor v. United States*, 495 U.S. 575, 602 (1990)).

This Court takes its lead from *Carter*. First, based on *Castleman*, *Armstrong* and *Carter*, the Court concludes that it is so questionable whether a conviction for domestic assault under 17-A M.R.S. § 207-A(1)(A)—without more—may operate as predicate conviction under § 922(g)(9), that this Court must grant Mr. Hines a new trial. Next, the First Circuit in *Carter* has held that the Maine domestic assault statute, 17-A M.R.S. § 207-A(1)(A), is a divisible statute. *Carter*, 2014 U.S. App. LEXIS 8153, at *25 ("Therefore, the Maine statute is divisible"). This means that the Court must employ the "modified categorical approach" described in *Shepard* and *Taylor*. *Id.* ("[W]e may accordingly apply the modified categorical approach"). The First Circuit remanded the *Carter* case to the district court to determine whether, using the modified categorical approach, the defendant's conviction should be deemed a § 922(g)(9) predicate. *Id.* at *30-34. Thus, like the First Circuit in *Carter*, this Court will allow the Government to determine whether it wishes to proceed with the prosecution of this offense, based on whatever *Shepard* documents it is able to gather from the state proceedings.

Here, the parties placed some *Shepard* documents before the Court in the pending motions; however, the memoranda were filed before the First Circuit issued *Carter*. To give the Government a fair opportunity to decide whether to proceed forward, the Court will grant the motion for a new trial but not the motion to dismiss the indictment. Nevertheless, as this prosecution has been pending since

December 13, 2012, and as Mr. Hines is currently incarcerated, the Court is sensitive to the impact of this ongoing charge on Mr. Hines.[2] The Court will set this case for a conference of counsel within the next two weeks at which time the Court will expect the Government to inform the Court whether it wishes to proceed with the prosecution and, if so, will expect the parties to propose a course of action for the final disposition of the charge.[3]

### G. The Pro Se Motion to Vacate and Dismiss

When a defendant is represented by counsel, the Court does not typically rule on pro se motions unless counsel adopts them. Here, Attorney Foote has not indicated that he adopts Mr. Hines' Motion to Vacate and Dismiss. At any rate, the pro se motion is moot in light of the Court's disposition of Attorney Foote's motion.

## V. CONCLUSION

The Court GRANTS IN PART the Defendant's Motion to Vacate and Dismiss (ECF Nos. 96, 109), VACATES John Thomas Hines' conviction (ECF No. 68), and GRANTS his Motion for New Trial (ECF No. 96).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 9th day of May, 2014

---

[2] Mr. Hines voluntarily surrendered his bail on July 17, 2013. *Order and Waiver of Hr'g* (ECF No. 76). In light of this Order, the Court urges counsel to consult with each other and discuss whether he should continue to be incarcerated.

[3] Mr. Hines' case is scheduled for sentencing on May 19, 2014. In light of this opinion, the Court continues the sentencing hearing.